# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-10554
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 19, 2014

Lyle W. Cayce
Clerk

RODOLFO ORTEGA, JR.,

Plaintiff−Appellant,

versus

BRAD LIVINGSTON,
Executive Director, TDCJ, in Their Individual and Official Capacity;
JASON HEATON,
Regional V Director, CID, in Their Individual and Official Capacity;
BARRY L. MARTIN, in Their Individual and Official Capacity;
NORVEL ARNOLD,
Senior Warden, Dalhart Unit in Their Individual and Official Capacity;
KENDALL T. RICHERSON, Assistant Warden, Dalhart Unit,
in Their Individual and Official Capacity;
KEITH K. JANUARY, Major, Dalhart Unit,
in Their Individual and Official Capacity;
GARY L. MESSER, Chief of Classifications, Dalhart Unit,,

Defendants−Appellees.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:14-CV-82

No. 14-10554

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Rodolfo Ortega, Jr., Texas prisoner # 1522268, appeals the dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). Ortega alleged that Texas Department of Correctional Justice ("TDCJ") employees Brad Livingston, Jason Heaton, Barry Martin, Norvel Arnold, Kendall Richerson, and Keith January repeatedly canceled outdoor recreation and did not permit Ortega to exercise in the day room, that Ortega was unable to exercise in his dual-occupancy cell, and that TDCJ chief of classification Gary Messer did not classify Ortega for a single-occupancy cell, all in violation of the Eighth Amendment. Ortega asserted that the lack of opportunity to exercise outside his cell interfered with his treatment for back pain that results from deteriorated spinal discs, arthritis, and bone spurs. Because the lack of exercise prevented such therapy, Ortega claimed, the dearth of out-of-cell exercise caused him pain, stress, and fear for his physical safety.

We review Ortega's challenge *de novo*. *See Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). We will uphold the dismissal for failure to state a claim if, taking Ortega's "allegations as true, it appears that no relief could be granted based on [his] alleged facts." *Id.* (internal quotation marks and citation omitted). Because the district court properly dismissed for failure to state a claim, we do not consider separately whether the complaint was frivolous.

As to the defendants' knowledge of medical needs or inmates' need for out-of-cell exercise generally, Ortega contends that exercise is a basic human

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

need, that his physician ordered physical therapy generally, and that he filed offender-medical-request forms that went unheeded.  As to the defendants' actions, Ortega asserts that his prison unit "always cancelled recreation" and that "on some occasions" all of the defendants cancelled outdoor recreation, while "on other occasions" they denied him the opportunity to exercise in the day room.  Such vague, conclusional, and inconsistent assertions fail to show the sort of subjective knowledge of, and wanton disregard for, Ortega's medical needs or a risk of serious harm as would state a claim under the Eighth Amendment.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Domino v. TDCJ*, 239 F.3d 752, 756 (5th Cir. 2001).

The judgment is therefore AFFIRMED.  Ortega's motion for appointment of counsel is DENIED.  His motion to proceed *in forma pauperis* on appeal is DENIED because the district court has already granted him authorization so to proceed.